UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALFONZO L. GRIFFIN, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | No. 4:09-CV-46-CDP |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Alfonzo L. Griffin to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On September 15, 2005, movant pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On December 9, 2005, he was sentenced to sixty months imprisonment, to run consecutively to a sentence imposed in United States v. Griffin, No. 4:95-CR-238-CDP (E.D.Mo.), and to be followed by a three-year term of supervised release. Movant did not appeal his conviction.

### Motion to Vacate

Movant seeks to vacate, set aside or correct his conviction and sentence on the grounds that he was denied effective assistance of counsel and the right to appeal. In addition, movant argues that because the acts he allegedly committed occurred in Missouri and violated Missouri law, he should have been prosecuted

by the State of Missouri, and therefore, this Court "lacked jurisdiction to try this case."

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. Movant was sentenced on December 9, 2005, and the

instant motion was filed with this Court on January 6, 2009 [Doc. #1].

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 10th day of March, 2009.

_Catherine D. Perry_
UNITED STATES DISTRICT JUDGE